IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANNY W. HALL                                                                                          PLAINTIFF

vs.                                          Civil No. 2:17-cv-02104

NANCY A. BERRYHILL                                                                              DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Danny W. Hall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff protectively filed his disability applications on March 9, 2015. (Tr. 40, 211-224). In his applications, Plaintiff alleges he was disabled due to a back injury, a separated left shoulder, a torn rotator cuff, hernia repairs, and a weakened knee. (Tr. 250). Plaintiff alleges an onset date of September 25, 2014. (Tr. 40). These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

reconsideration. (Tr. 81-132).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 158-185). An administrative hearing was held on April 12, 2016 in Fort Smith, Arkansas. (Tr. 57-80). At the administrative hearing, Plaintiff was present and was represented by counsel, David K. Harp. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Stafford testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified he was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI) and 20 C.F.R. § 404.1563(c) (DIB), and testified he had completed the twelfth grade in school. (Tr. 59).

On June 2, 2016, the ALJ entered an unfavorable decision on Plaintiff's disability applications. (Tr. 37-50). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2018. (Tr. 42, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 23, 2014, his alleged onset date. (Tr. 42, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension, degenerative disc disease of the lumbar and cervical spine; osteoarthritis; and a history of inguinal hernia status post-surgery. (Tr. 42-43, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 43, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 43-48, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as

2

defined in 20 CFR 404.1567(a) and 416.967(a).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he was unable to perform any of his PRW. (Tr. 48-49, Finding 6). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 49, Finding 11). The ALJ based this determination upon the Medical-Vocational Guidelines or "Grids." *Id.* Specifically, the ALJ applied Grid Rule 201.21, which directed a finding of "not disabled." *Id.*

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. (Tr.1). On May 3, 2017, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On June 21, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 6, 2017. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2.  Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

3

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff alleges his case should be reversed and remanded for the following reasons: (A) his impairments meet or equal the Listings; (B) the ALJ's RFC determination is inconsistent with the record; and (C) the ALJ improperly applied the Grids at Step Five. ECF No. 13 at 1-21. In response, Defendant argues there is no basis for reversal in this case. ECF No. 14. The Court will address each of these arguments.

  A.  **Listings**

Plaintiff claims his impairments meet the requirements of Listing 1.04. ECF No. 13 at 12-13. Listing 1.04 requires a demonstration of a spinal disorder, such as "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture," which results in "compromise of a nerve root (including the cauda equina) or the spinal cord" with either (A) evidence of nerve root compression; (B) spinal arachnoiditis; or (C) lumbar spinal stenosis.

Plaintiff has the burden of demonstrating his impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met his burden of demonstrating his impairments meet *all* of the requirements of Listing 1.04. Indeed, Listing 1.04 requires a demonstration of a spinal disorder, such as those listed above. In the present action, Plaintiff claims he suffers from spinal stenosis and degenerative disc disease. Thus, it appears Plaintiff meets that requirement. However, Listing 1.04 also requires a

demonstration of a compromise of a nerve root or the spinal cord. Here, Plaintiff has only provided evidence demonstrating he suffers from polyneuropathy, which is a peripheral neuropathy and has been characterized by his neurologist as "mild." (Tr. 853). Furthermore, Plaintiff has provided no demonstration that he suffers from (A) evidence of nerve root compression; (B) spinal arachnoiditis; or (C) lumbar spinal stenosis. Accordingly, Plaintiff has not met his burden of demonstrating he meets all of the requirements of Listing 1.04.

**B.     RFC Determination**

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 13 at 13-19. First, Plaintiff claims the ALJ erred when he found Plaintiff's mental impairment was not a severe impairment at Step Two and when the ALJ failed to incorporate mental limitations in his RFC determination. ECF No 13 at 13-15. Upon review of this argument, the Court finds no basis for reversal on this issue. Plaintiff did not even allege being disabled due to a mental impairment in either his applications or at the administrative hearing. Thus, the ALJ was not required to consider his now-alleged mental impairment or to address this issue further. *See Kitts v. Apfel,* 204 F.3d 785, 786 (8th Cir. 2000) (per curiam).

Second, Plaintiff claims the ALJ improperly considered his polyneuropathy in assessing his RFC. ECF No. 13 at 15-16. The ALJ, however, considered this impairment and determined Plaintiff could only perform sedentary work, partially because of his polyneuropathy. Furthermore, despite Plaintiff's allegations that he was disabled due to polyneuropathy, the record demonstrates Plaintiff had mostly normal motor strength and muscle tone and no signs of contractures, tenderness, or bony abnormalities. (Tr. 11, 17, 21, 32, 704, 716-17, 725, 728, 731). On numerous exams, Plaintiff demonstrated a normal gait, intact reflexes, and a full range of motion in all tested joints. (Tr. 545, 549, 555, 601, 624, 646, 651, 667). Thus, the Court cannot find the ALJ erred in evaluating his

polyneuropathy.

Third, Plaintiff claims the ALJ erred by failing to include a requirement that he be given a sit or stand option in employment. ECF No. 13 at 16. Plaintiff claims he "unequivocally" needs this option in employment. *Id.* Plaintiff, however, has provided no demonstration that he requires such an option[2] and has not demonstrated the ALJ's RFC determination–that he can perform sedentary work–does not account for such a limitation. Thus, the Court finds no basis for reversal on this issue.

Fourth, Plaintiff claims the ALJ improperly dismissed the findings of his treating physician, Dr. Stephen Carney, M.D. ECF No. 13 at 16-18. Notably, Dr. Carney completed a "checklist" of Plaintiff's symptoms and limitations. (Tr. 796-799). As such, his findings are not entitled to controlling weight. *See Piepgras v. Chater,* 76 F.3d 233, 236 (8th Cir. 1996) (recognizing a "treating physician's opinion deserves no greater respect than any other physician's opinion when [it] consists of nothing more than vague, conclusory statements."). Furthermore, the ALJ discounted his findings for the following reasons:

> Conversely, the undersigned affords little or no weight to the opinions expressed by Dr. Carney in the medical source statement he completed because the undersigned finds his limitations are not supported [by] the evidence and findings which appear in his own treatment records. Furthermore, the undersigned notes that the limitations recommended by Dr. Carney are inconsistent with the claimant's other treating and/or examining physicians. (Exhibit 20F).

After considering these findings, the Court finds no basis for reversal on this issue.

Fifth and finally, Plaintiff claims the ALJ erred in evaluating his subjective complaints. ECF No. 13 at 18-19. Upon review, however, the Court finds the ALJ performed a thorough evaluation of Plaintiff's subjective complaints. Indeed, the ALJ noted Plaintiff's treatment history demonstrates his impairments could be treated conservatively (Tr. 46, 707, 723, 821); Plaintiff's treatment history

---

[2] The medical records only reference a "temporary" sit and stand option. (Tr. 562).

7

demonstrates he was released back to work without restrictions or with only temporary restrictions (Tr. 46, 534-535, 546, 551, 554-556, 559, 560-562, 733-736); and Plaintiff was non-complaint with treatment by refusing to follow treatment recommendations, leaving the emergency room against medical advice and self-discharging himself from physical therapy (Tr. 47, 352, 786). Based upon this review, the Court finds the ALJ's evaluation of Plaintiff's subjective complaint is supported by substantial evidence. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a claimant's subjective complaints if there are inconsistencies in the record as a whole and the ALJ's determinations are supported by "good reasons and substantial evidence").

### C. Step Five Determination

Plaintiff claims the ALJ erred at Step Five of the Analysis by applying the Grids. ECF No. 13 at 19-20. Plaintiff claims the ALJ had no basis for applying the Grids because he had greater limitations than those found by the ALJ. *Id.* As noted above, however, the ALJ's RFC determination is supported by substantial evidence in the record. Thus, the Court cannot find a basis for reversal on that issue.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of June 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE